JOSEPH BUTCHER and others

*v.*

THE CITY OF CAMDEN.

1. A fire marshal employed under an ordinance providing for a triennial election, may be deprived of his office and salary for the unexpired term, by the adoption of an ordinance abolishing the office and that entire system of extinguishing fires.

2. Such official is a necessary party to an injunction bill to restrain the city from paying his claim.

Bill for relief.    On bill and answer.

*Mr. S. H. Grey*, for complainants.

*Mr. N. Hugg* and *Mr. T. B. Harned*, for defendants

THE CHANCELLOR.

The question presented by the pleadings in this cause is, whether certain persons who, in 1872, were respectively elected to the offices of fire marshal and assistant fire marshal of the city of Camden, and who served in those capacities until the 29th of May, 1873, when they were paid off and discharged, are entitled to the salaries attached to the respective offices which were so held by them, by the ordinances under which they were appointed.

The first of those ordinances was passed on the 2d of September, 1869. It was entitled "An ordinance to establish a paid fire department for the city of Camden." It declared that certain officers therein named, among whom

Butcher *v.* City of Camden.

were the fire marshal and two assistants, should compose the fire department of the city; that the salary of the marshal should be $800 a year, and that of the assistants $500 a year; the salaries being payable monthly. On the 26th of September, 1872, a supplement to the ordinance was passed, by which it was ordained that the fire marshal and assistants should be elected at the first regular stated meeting of the council in September, 1872, and that every third year thereafter there should be elected by the council one fire marshal and two assistants.

Under the last-mentioned ordinance, and immediately after the passage thereof, two of the persons above mentioned in respect of whose claim to compensation this suit is brought, were appointed, with another, who resigned on the 2d of December following, and his place was filled by the other of the three complainants above mentioned. Those three persons continued to perform the duties of their respective offices until the 29th of May, 1873, when the council duly passed an ordinance entitled "A supplement to an ordinance entitled an ordinance to establish a paid fire department in the city of Camden," which provided for the appointment by council, immediately after the passage thereof, of a chief engineer of the fire department, and that the fire department should consist of a chief engineer and an assistant engineer, &c., fixing the salaries and repealing all ordinances and parts of ordinances inconsistent therewith. Under this last-mentioned ordinance, a chief engineer and an assistant engineer were appointed, who entered upon the discharge of the duties of their respective offices, and ever since then have continued to perform them, and they ever since then have received the salaries thereof. On the passage of that ordinance, the above-mentioned claimants were discharged from their offices, and their respective salaries were fully paid to them, up to the time when they were so discharged. From that time they have rendered no service to the city, but have ever since been engaged in other employments. Claiming, however, that,

notwithstanding the above-stated facts, they were entitled to their salaries up to the termination of three years from · the time when they were appointed, they, in 1875, claimed from the city pay, at the rate fixed by the ordinance of 1869, for the time which intervened between the date of their discharge and the expiration of the three years therefrom. The marshal demanded $1,799.82, and the others $450 each. The council then being about to pay the salaries so demanded, the bill in this cause was filed by tax-payers to restrain them from so doing, and they were enjoined accordingly.

No question is raised as to the legality of the municipal legislation above mentioned. The only question is, whether the city is bound by law, under the circumstances, to pay the salaries of the discharged officials.

The claim is based upon the ground that their appointment by virtue of the provision of the ordinance of 1872 was equivalent to a contract by the city with them to employ them in their respective offices, at the salaries then attached thereto, for the term of three years. That ordinance does not, in express terms, provide that they shall hold their offices for any particular term. It simply provides for a triennial election.

The city had the right, under the ordinance of 1872, to discharge the officials appointed thereunder, on the substitution of a new system for that under which they were appointed. Nor does the decision in *Bradshaw* v. *City Council of Camden*, 10 *Vr*. 416, contravene this position. It was merely held in that case that the chief engineer appointed under the ordinance of 1873, holds his office for the term of three years, the term for which the fire marshal, in whose place he was substituted, held under the ordinance of 1872; though he is liable to be removed for the same reasons and on the same grounds as was the fire marshal.

The city council had the right to substitute one set of officers of the fire department for another, to alter the system, and thereupon to change its *personnel.* And this it might

do notwithstanding the fact that the term of the incumbents of the offices, which it was necessary to abolish for the purpose, had not expired. The employment of an officer under such an ordinance has no analogy to a private contract between individuals for service. *City of Hoboken* v. *Gear,* 3 *Dutch.* 265, 277; *Dillon on Mun. Corp.,* § 170; *Waldraven* v. *Memphis,* 4 *Cold.* 431.

The answer admits that the offices of fire marshal and assistant fire marshal were abolished by the ordinance of 1873, and that that ordinance was lawful. It also admits that the claimants received the full amount due them respectively for the salaries of their offices, up to the time when they were discharged, and that they have, since they were discharged, rendered no service to the city, but have been engaged in other pursuits. It, however, somewhat inconsistently with the admission that the ordinance abolishing the offices of fire marshal and assistant fire marshal was lawful, claims that they were entitled to the emoluments of their offices, notwithstanding the lawful abolishment thereof.

The defendants insist that the fact that the claimants, when they entered upon the performance of the duties of their offices, were required to give bond, and did so accordingly, for the faithful discharge of their duties, gives strength to the claim for compensation. But there is no force in that consideration. The bond was a mere qualification. The injunction should be made perpetual if all the necessary parties were before the court. But they are not. The cause must, therefore, stand over to afford an opportunity to make the claimants parties.